UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-11264-RGS

LUCIANO MANGANELLA

v.

EVANSTON INSURANCE COMPANY
EVANSTON INSURANCE COMPANY,
Plaintiff-in-counterclaim
and third-party plaintiff

v.

LUCIANO MANGANELLA,
Defendant-in-counterclaim and
JASMINE COMPANY, INC. and
DONNA BURGESS, Third-party defendants

MEMORANDUM AND ORDER ON
JASMINE'S MOTION FOR AN AWARD OF
ATTORNEYS' FEES AND COSTS

December 20, 2011

STEARNS, D.J.

On October 28, 2011, this court granted third-party defendant Jasmine Company,

Inc.'s motion for summary judgment, having determined that defendant/third-party

plaintiff Evanston Insurance Company is liable to Jasmine under the Policy at issue for

the costs of defending and settling a claim brought by employee/third-party defendant

Donna Burgess.  Jasmine asks the court for an award of $26,386.37 in attorneys' fees

for defending a charge brought before the Massachusetts Commission Against Discrimination (MCAD), and $155,034.41 in attorneys' fees and costs incurred in establishing Evanston's breach of its duty to defend.  In support of its request, Jasmine submits the affidavits of attorneys Thomas Evans and Stephen Paterniti.

Evanston opposes both requests.  As to the fees incurred in defending the MCAD proceeding, Evanston contends that "Jasmine has presented no admissible evidence that $26,386.37 was incurred for Jasmine's defense in the MCAD proceeding."  Opp'n Mem. at 1.  As to the defense costs of this litigation, Evanston argues that "almost all of the $149,021.40 Jasmine claims as its reasonable fees and expenses incurred to establish the duty to defend was incurred litigating the duty to indemnify and is not recoverable.  Further, $149,021.40 is not a reasonable fee to recover defense costs of, at most, $26,386.37."  *Id*.  In a sur-reply, Evanston argues that the Paterniti affidavit

> is remarkable for what it does not say. It does not say that the attached invoices were sent to Jasmine. It does not say that Jasmine incurred any legal fees. It does not say that Jasmine paid any legal fees. Indeed, it does not say that anyone paid any legal fees. It does not attach any evidence of payment. In short, it does not constitute evidence that any fees or expenses were incurred or paid in the defense of the MCAD Charge. An insurer is only liable for defense costs the insured in fact incurred.

Evanston Sur-Reply at 1.  Jasmine's motion will be, for the most part, <u>ALLOWED</u>.

First, the court agrees with Jasmine's contention that "the exact same legal work

2

that was required to respond to Evanston's argument that it had no duty to defend was required to respond to Evanston's argument that it had not duty to indemnify." Jasmine Reply at 3. The affidavit submitted by Stephen Paterniti states that he was "the primary counsel at Jackson Lewis representing Jasmine in connection with a Charge of Discrimination filed by Donna Burgess." Paterniti Aff. ¶ 1. Paterniti testifies that "[w]hile New York & Company and Lerner New York were named as Respondents along with Jasmine, [he] viewed the entire legal exposure to be dependent on the claims against Jasmine based on the conduct of Mr. Manganella while he was employed by Jasmine." *Id.* ¶ 4.

Second, the court finds the hourly rates charged – $315 for Attorney Evans and $395 for Attorney Zelle – to be reasonable. Both counsel have more than twenty years of experience representing businesses and individuals in complex commercial litigation. The court also finds the total number of hours billed in defending this bitterly-fought case to be justified. However, Attorney Paterniti fails in his affidavit to present the court with an attestation regarding his professional experience and years of practice, and the amount billed to Jasmine in connection with his representation in the MCAD proceedings – necessary elements in the court's assessment of the reasonableness of his $400 hourly rate. Finally, the court does not consider reimbursement for meal charges to be appropriately billed costs. Jasmine will have seven (7) days from the

date of this Order to provide the court with a supplemental affidavit from Stephen

Paterniti and a revised Proposed Order of Judgment consistent with this opinion.

SO ORDERED.

/s/ Richard G. Stearns

_____

UNITED STATES DISTRICT JUDGE