UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LUCIANO MANGANELLA<br>　　Plaintiff,<br>v.<br><br>EVANSTON INSURANCE COMPANY<br>　　Defendant, Third-Party Plaintiff,<br>v.<br><br>JASMINE COMPANY, INC. and another<br>　　Third-Party Defendants. | C.A. No. 09-11264-RGS |

## AFFIDAVIT OF ATTORNEY STEPHEN T. PATERNITI

I, Stephen T. Paterniti, depose and state under oath as follows:

I am an attorney at the law firm of Jackson, Lewis, LLP ("Jackson Lewis") and have been admitted to practice in the Commonwealth of Massachusetts since 1993.

1. I am a graduate of University of Wisconsin School of law, and am a partner in the Boston office of Jackson Lewis. I concentrate my practice in the area of employment litigation and counseling on behalf of management. I am a member of the Bar of the First Circuit Court of Appeals, the United States District Court, District of Massachusetts, and the state court of Massachusetts. I have successfully represented clients in federal and state discrimination litigation, EEOC pattern and practice litigation, employment contract claims, and other employment-related litigation. Prior to joining Jackson Lewis, I worked as a criminal prosecutor, both as an Assistant Attorney General for the Commonwealth of Massachusetts in its white collar crimes unit and also as an Assistant District Attorney in Hampden County.

2. Between 2007 and 2009 Jackson Lewis represented Jasmine Company, Inc. ("Jasmine"). I was the primary lawyer at Jackson Lewis representing Jasmine in connection with a Charge of Discrimination filed by Donna Burgess (the "Burgess MCAD Charge").

3. My statements in this affidavit are made based on my personal knowledge gained from my role as counsel for Jasmine.

4. The invoices attached hereto as Exhibit A are accurate copies of invoices reflecting the legal work Jackson Lewis performed defending Jasmine from the Burgess MCAD Charge. The hourly rates reflected in the invoices are hourly rates that Jackson Lewis charged for my time during the applicable time period. Nearly my entire practice is devoted to defending employers and the time and rates charged in this case were commensurate with other like matters I handled. Based on my experience the time billed and rates charged were fair and reasonable for the services Jackson Lewis performed. As reflected in the attached invoices, the total number of hours I spent defending Jasmine from the Burgess MCAD Charge was 63.3 hours. Two other lawyers worked very briefly on this matter. In July of 2007, Dena Epstein spent 1.6 hours on the Burgess matter. Attorney Epstein is a 1995 graduate of Seton Hall Law School. Ms. Epstein regularly represents employers in federal and state courts and administrative agencies including the Equal Employment Opportunity Commission. Her brief time on the Burgess matter was billed at her usual billing rate at the time - $310 per hour. Allan N. McLean spent 1.1 hours on the Burgess matter. Attorney McLean graduated *cum laude* in 2005 from the Boston University School of Law. Prior to joining Jackson Lewis in September 2006, Mr. MacLean served as a law clerk to the Justices of the Massachusetts Superior Court. His time was billed at what was his customary rate in August of 2007 - $230 per hour.

4.  While New York & Company, Inc. and Lerner New York, Inc. were named as defendants along with Jasmine, I viewed the entire legal exposure to be dependent on the claims against Jasmine based on the conduct of Mr. Manganella while he was employed by Jasmine. Although Jackson Lewis sent its invoices in the Burgess matter to General Counsel for New York & Company, the payments Jackson Lewis received were from Jasmine Company, Inc. Attached hereto as Exhibit B are copies of the checks Jackson Lewis received from Jasmine as payment for the invoices on the Burgess and other matters (slightly redacted to remove account numbers). The amount of the checks exceeds the amount of the invoices for the Burgess matter because Jasmine paid monthly legal invoices for multiple matters with a single check.

5.  The time required to defend this matter, and the settlement amount, would have been the same if New York & Company, Inc. and Lerner New York, Inc. had not been named.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 21st DAY OF DECEMBER, 2011.

Stephen T. Paterniti, Esq.